Weygandt, C. J.
 

 The plaintiff predicates his claim upon the negligence of the defendant city in failing to comply with the specific requirement of Section 1027, G-eneral Code, which reads in part as follows:
 

 “The owners and operators of shops and factories shall make suitable provisions to prevent injury to persons who use or come in contact with machinery therein or any part thereof as follows: * * *
 

 “7. They shall guard all saws, wood-cutting, wood-shaping and all other dangerous machinery.”
 

 In the case of
 
 State, ex rel. Post,
 
 v.
 
 Industrial Commission,
 
 127 Ohio St., 187, 187 N. E., 719, this court held that municipal corporations are subject to the specific requirements of the foregoing section for the protection of the lives, health and safety of their employees. However, the defendant municipality seems
 
 *593
 
 to discount the value of this precedent by observing that under the conceded facts in the instant case the plaintiff was not employed by it but by the federal agency; and it is insisted that the plaintiff was a mere licensee. It is true that the plaintiff was not an employee of the municipality, but a study of the record discloses no evidence to indicate that he was less than an invitee. On the contrary, under the contract between the city and the federal agency the latter’s employees were not only permitted to use the former’s equipment and shops but the agreement provided that the city should receive credit therefor upon its share of the cost of the improvement. Furthermore, the plans and specifications were prepared by the city, and the work was performed under the supervision of the city’s construction engineer. On each of the six or eight occasions- the plaintiff used the city’s drill press he was instructed so to do by the- city’s assistant construction engineer. Under these circumstances there is no apparent reason for exempting the municipality from the specific requirement of Section 1027, General Code.
 

 The defendant’s next contention is that, even if the city be subject to the foregoing requirement, there was no violation thereof, inasmuch as the drill press guard had been removed but temporarily for the purpose of repairing it. Again there is no evidence to substantiate the defendant’s claim. When the guard became so defective that it no longer constituted adequate protection from the dangerous gears, the city permitted the guard to be removed and an old coffee can or bucket substituted for it; and later when this makeshift, too, was found dangerous, the can likewise was removed, leaving the gears exposed at the top of the press which was approximately six feet in height. The plaintiff’s injury occurred on the day following the removal of the can. He did not notice that the gears had been left exposed near the hand lever, and
 
 *594
 
 no one informed him of this condition. Clearly the defendant violated the statutory requirement.
 

 The defendant further contends that the plaintiff was guilty of contributory negligence as a matter of law. This issue was properly submitted to the jury as a question of fact, and the verdict was returned in favor of the plaintiff.
 

 The defendant’s next contention is that the plaintiff has no right of action against it for the reason that as an employee of the federal agency he is relegated to a claim for compensation under state or federal statutes providing therefor. This overlooks the settled rule that workmen’s compensation statutes relate solely to the relationship of employer and employee.
 
 (Trumbull Cliffs Furnace Co.
 
 v.
 
 Shachovsky,
 
 111 Ohio St., 791, 146 N. E., 306.) The plaintiff was not an employee of the defendant city.
 

 Finally, the defendant contends that in maintaining and operating its blacksmith shop it was engaged in a governmental and not a proprietary function, and therefore sustained no liability. This is based upon the theory that the city was engaged in the construction of a sewer — an operation which this court has held to be governmental. But again the record discloses no evidence to sustain the defendant’s contention. The blacksmith shop was not established or maintained for the purpose of sewer construction. Rather it was used for “general work,” and the fact that the federal agency was permitted to make temporary use of it was a mere incident'.
 

 The- judgment for the plaintiff must be affirmed.
 

 Judgment affirmed.
 

 Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.