*167
 
 Stewart, J.
 

 The question in this case is whether under the pleadings and evidence the Court of Common Pleas properly entered judgment for defendant at the end of plaintiff’s case. Republic is no longer in the case, the judgment in its favor having been affirmed by the Court of Appeals and plaintiff having taken no appeal from that judgment in favor of Republic.
 

 The majority opinion in the Court of Appeals rested upon two propositions.
 

 The first was that the trial court could not properly find that plaintiff was guilty of contributory negligence as a matter of law. It is true that the condition of the ground where plaintiff was digging was as apparent to plaintiff as to defendant’s plumbers, that steam was coming out of the ground, and that the ground was covered with water. It is also true that plaintiff and his fellow laborer were aware of the condition and the danger and they talked about it while they were digging; that they knew the digging was hard; that it was so hot they could not even see each other; that water and dirt and steam came up all the time; that as they dug more steam came up; and that they knew it would be dangerous to continue.
 

 It seems to us that the strongest reason given in the majority opinion of the Court of Appeals for holding that plaintiff was not guilty of contributory negligence as a matter of law was the statement:
 

 “Furthermore, plaintiff here was not a free agent walking on a sidewalk in broad daylight. He was a workman under orders, performing a difficult job under difficult conditions. We think it is a matter of common knowledge that workmen doing manual labor are occasionally, if not frequently, confronted with similar situations. Nevertheless, when they are ordered by persons temporarily placed in authority over them to proceed, they may feel that they do not have
 
 *168
 
 a choice of refusal if they wish to keep their jobs. Can the one who has assumed authority then avoid responsibility by claiming as a matter of law that it was the injured person’s own fault because he followed such orders? We think not.”
 

 In our opinion the foregoing quotation accurately states the law, but we are of the opinion that the assumption in the statement that defendant was placed in authority over plaintiff is inaccurate, as we shall hereinafter show.
 

 The second proposition was:
 

 < í * * * ^ begajue a question of fact for determination of the jury as to whether or not under the circumstances the defendant the Schweizer-Dipple Company in its capacity of an .independent subcontractor, assumed and exercised control over these men; as to whether or not they instructed them to dig in this place which was dangerous, as to whether or not such danger was in the exercise of ordinary care reasonably forseeable and as to whether or not under such circumstances defendants were negligent and whether such negligence was the proximate cause of the resulting injuries.”
 

 The dissenting judge of the Court of Appeals was of the opinion that defendant was not liable to plaintiff as a matter of law upon the following theory:
 

 “It is contended by plaintiff that this defendant owed the plaintiff the duty to fuimish him a reasonably safe place in which to work.
 

 “There are two answers to this contention:
 

 “(1) This defendant was a subcontractor of plaintiff’s employer who was, in fact, the general contractor of the agent of the owner of the premises. There is not a word in this record which shows or tends to show that the defendant Schweizer-Dipple Company, had any right of control over the physical conditions surrounding the place where the repair to the steam line had to be made. (2) The break of the steam line
 
 *169
 
 was of necessity, an emergency and the dangers surrounding its repair were as evident to the plaintiff and his employer as they were to the defendamt, The Sehweizer-Dipple Company, or its employees and such dangers were not such as could have been provided against. ’ ’
 

 We are of the opinion that the theory of the dissenting judge of the Court of Appeals is the correct one. It must be remembered that plaintiff was an employee of Hunkin-Conkey which is not a party to this action; that all the work that plaintiff did was work for his employer which had the responsibility for all the digging and excavating under the contracts involved herein; and that defendant’s sole function was the plumbing and heating installations. When, therefore, Hunkin-Conkey’s foreman sent plaintiff with defendant ’s plumbers to dig, plaintiff was sent to do the work which his employer, Hunkin-Conkey, was obligated to perform, and he was not to do and did not do any work which was included in the contract of defendant.
 

 All the evidence is to the effect that the only function performed by defendant’s plumbers was to show or tell plaintiff and his fellow worker where to dig in the execution of Hunkin-Conkey’s work.
 

 One may loan his employee to another under circumstances which will make the loaned employee the servant of the person to whom he is loaned and thus cause the loaned employee to be under the control and direction of the person to whom loaned.
 

 In
 
 Halkias
 
 v.
 
 Wilkoff Co.,
 
 141 Ohio St., 139, 47 N. E. (2d), 199, paragraph four of the syllabus reads:
 

 “When one party loans his servant to another for a particular employment in the business and under the direction of the latter, the servant, for anything done in that employment, must be regarded as the servant of the party to whom he is loaned, although he remains the general servant of the party who loaned him.’’
 

 Undoubtedly in such a situation, the loaned servant
 
 *170
 
 would be under the direction and control of the person to whom he is loaned, and such person would owe the loaned «ervant the duty to use reasonable care to furnish him a reasonably safe place in which to work. But the foregoing situation is not the case here. Plaintiff was not loaned to defendant, he was simply sent along with defendant’s employees to do plaintiff’s employer’s work at the place where defendant’s employees pointed out the work was to be done. If the Hunkin-Conkey foreman and superintendent sent out plaintiff, in charge of defendant’s plumbers, to do Hunkin-Conkey’s work and permitted defendant’s plumbers to point out or supervise wherb the work was to be done instead of the foreman or superintendent going along, a situation would be created where defendant’s plumbers were operating for Hunkin-Conkey rather than plaintiff operating for defendant.
 

 Construing all the evidence in this case, as we must, most favorably to plaintiff, there is not shown any right of control over plaintiff by the employees of defendant, as the dissenting opinion in the Court of Appeals well states, as follows:
 

 “Under the admitted facts of this case the Schweizer-JDipple Company had no right or duty to supervise or direct the manner or means by which employees of the general contractor, the Hunkin-Conkey Construction Company carried on their work and any attempt on the part of an employee of the Schweizer-Dipple Company to do so would be outside the scope of his employment and could not impose a liability upon his employer.
 

 “The rule to be applied under these circumstances is the same as that defining the responsibility of a master to one injured by the negligent acts of his servant where such servant has been loaned or directed to work for another.
 

 
 *171
 
 “Clark in his new work
 
 ‘Summary of American
 
 Law, ’ paragraph 59 page 63, says:
 

 “ ‘ * * * Where the master lends or leases his servant to X and during the course of his work for X he injures the plaintiff, the master’s liability depends on the nature of the arrangement between him and X as to who had control of the servant while he is performing X’s work; if he is to obey X’s directions as to the manner of performing the work, then the liability is on X; but if X’s power to direct the servant is confined to showing him the work to be done, then the master is responsible.’ ”
 

 In the present case, Hunkin-Conkey was the master; plaintiff was doing only Hunkin-Conkey’s work, and the sole performance by the plumbers of defendant was confined to showing plaintiff where the work was to be done.
 

 Plaintiff’s case against defendant is, in substance, bottomed upon the proposition that defendant owed the duty to use reasonable care to furnish plaintiff a safe place in which to work. That proposition would be entirely sound if plaintiff were defendant’s employee or were doing defendant’s work, but plaintiff was the employee of Hunkin-Conkey and did only Hunkin-Conkey’s work. It was Hunkin-Conkey’s duty to use reasonable care to furnish a safe place to work in the performance of Hunkin-Conkey’s work.
 

 Ordinarily there is no common-law duty upon an employer to provide a safe place to work and an employer would not be liable for failure to provide a safe place in the absence of evidence of hidden facts known to the employer and not apparent to the employee.
 

 In Ohio, an employer is bound to exercise reasonable and ordinary care, having due regard to the hazards of the service, to provide his employee with a safe place in which to perform his work. Cincinnati,
 
 Ham
 
 
 *172
 

 ilton & Dayton Ry. Co.
 
 v.
 
 Frye,
 
 80 Ohio St., 289, 88 N. E., 642, 131 Am. St. Rep., 709. Likewise in Ohio, an employer is required by statute to furnish a safe place of employment. See Sections 871-15, 871-16 and 6245, General Code.
 

 The duty of the employer to use reasonable care to furnish his employee a safe place in which to work is nondelegable.
 

 In 2 Shearman & Redfield on Negligence (Rev. Ed.), 441, Section 190, it is stated:
 

 “The duty of the master is to use reasonable or ordinary care to secure the safety of the servant while engaged in the service, and to that end: (1) To use reasonable or ordinary care to provide and maintain safe places to work * *
 

 On page 442 of the same volume, it is said:
 

 “The duties of the master are commonly said to be nondelegable, meaning that legal responsibility therefor cannot be shifted by the master from himself to another selected to perform such duties.”
 

 In
 
 Yaconi
 
 v.
 
 Brady & Gioe, Inc.,
 
 246 N. Y., 300, 158 N. E., 876, Chief Justice Cardozo stated:
 

 “The duty to use reasonable care in supplying a servant with a'safe place in which to work is one resting on the master, and may not be shaken off by delegation to another.” See, also,
 
 Gulf, M. & N. R. Co.
 
 v.
 
 Brown,
 
 143 Miss., 890, 108 So., 503;
 
 Timmermann
 
 v.
 
 St. Louis Architectural Iron Co.,
 
 318 Mo., 421, 1 S. W. (2d), 791;
 
 Cunningham
 
 v.
 
 Doe Run Lead Co.
 
 (Mo.), 26 S. W. (2d), 957;
 
 City of Austin
 
 v.
 
 Johnson
 
 (Tex. Civ. App.), 195 S. W. (2d), 222; and Ohio lower-court cases collected in 26 Ohio Jurisprudence, 189, Section 48.
 

 As we have said, plaintiff was not the employee, general or special, of the defendant. All the evidence in the present case substantiates that fact, and plaintiff himself devotes several pages of his brief in demonstrating that he was not an employee of defendant.
 
 *173
 
 Such course was apparently followed to obviate a possible bar by virtue of Section 1465-70, General Code (Workmen’s Compensation law) to any claim plaintiff might have against defendant.
 

 Since defendant assumed no direction or control over the work which plaintiff did, and the sole action in connection with defendant was the indication by defendant’s plumbers of where plaintiff was to do the work of his employer, Hunkin-Conkey; since all the work which plaintiff did was the contractual work of his employer, Hunkin-Conkey; since Hunkin-Conkey could not legally delegate its duty as employer to use-reasonable care to furnish its employee, plaintiff, a reasonably safe place in which to work; since plaintiff was not loaned to defendant to do any of defendant’s' work, and the employees of defendant had no legal1 right on behalf of defendant to direct and control the performance of the work of Hunkin-Conkey; and since the foreman for Hunkin-Conkey turned plaintiff over to the employees of defendant for the purpose of doing Hunkin-Conkey’s work; we are of the opinion that any liability for plaintiff’s injuries is not that of defendant.
 

 In the view we have taken of the controversy before us, it is not necessary for us to pass upon the question whether plaintiff was guilty of contributory negligence as a matter of law, or whether plaintiff is prohibited from prosecuting his action against defendant by reason of Section ‡465-70, General Code.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 J
 
 udgment reversed.
 

 Matthias, Hart and Turner, JJ., concur, concur.
 

 Weygandt, C. J., and Zimmerman, J., dissent.
 

 Taft, J., not participating.