DANIELS, APPELLANT, *v.* MACGREGOR CO., APPELLEE.

(No. 38914—Decided April 21, 1965.)

92

*Mr. James L. O'Connell* and *Messrs. Lindhorst & Dreidame,* for appellant.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. John A. Kiely,* for appellee.

TAFT, C. J. Plaintiff's first contention is that neither Section 35 of Article II of the Constitution nor Section 4123.74, Revised Code, bars a suit for personal injuries by a loaned servant against the employer to whom he is loaned.

However, in our opinion, previous decisions of this court require the following conclusion:

Where, as in the instant case, an employer employs an employee with the understanding that the employee is to be paid only by the employer and at a certain hourly rate to work for a customer of the employer and where it is understood that that customer is to have the right to control the manner or means of preforming the work, such employee in doing that work is an employee of the customer within the meaning of the Workmen's Compensation Act; and, where such customer has complied with the provisions of the Workmen's Compensation Act, he will not be liable to respond in damages for any injury received by such employee in the course of or arising out of that work for such customer.

Thus, in *Bobik* v. *Industrial Commission* (1946), 146 Ohio St. 187, 64 N. E. 2d 829, a truck owner, Muni, leased his truck to a common carrier, Aztec, under an agreement that the truck owner was to supply the operator of the truck as well as the truck. Plaintiff was employed by the truck owner, Muni, to drive the truck. Plaintiff was injured while driving the truck on business of Aztec. His claim for workmen's compensation was denied by the Industrial Commission because plaintiff was not "an employee of the employer * * * Aztec * * * within the meaning of the Workmen's Compensation Act." This court held that he was, and that his claim should be allowed.

The arrangement between the truck owner, Muni, and the borrowing employer, Aztec, in that case is described in the opinion (page 190) as follows:

"Muni agreed to furnish the truck, driver, gasoline, oil, tires, accessories and repairs at his own expense. He paid the plaintiff $18 per trip plus a bonus for over-weight. Aztec * * * paid Muni for furnishing equipment, facilities and operator thereof $40 per trip, plus twenty cents for each 100 pounds over 20,000 * * *."

The syllabus reads in part:

"1. The chief test in determining whether one is an employee or an independent contractor is the right to control the manner or means of performing the work.

"2. If such right is in the employer, the relationship is that of employer and employee, or master and servant; but if the manner or means of performing the work is left to one responsible to the employer for the result alone, an independent contractor relationship is thereby created."

There is nothing in the syllabus or opinion of that case to indicate that the question whether one is an employee within the meaning of the Workmen's Compensation Act should be any different from the question whether one is an employee for the purposes of applying the doctrine of *respondeat superior*. Other decisions in which this court has been confronted with the problem as to whether an employee of one employer has become an employee of another within the meaning of the Workmen's Compensation Act have not even suggested that there should be such a difference. See *Behner* v. *Industrial*

*Commission* (1951), 154 Ohio St. 433, 96 N. E. 2d 403; *Giovinale v. Republic Steel Corp.* (1949), 151 Ohio St. 161, 172, 173, 84 N. E. 2d 904.

As stated in paragraph one of the syllabus of the *Behner* case:

"* * * If the right to control the manner or means of performing the work is in the person for whom the service is performed, the relationship is that of employer and employee or master and servant * * *."

This is not an instance where, to use the words quoted by plaintiff from 1 Larson, Law of Workmen's Compensation, Section 47.10, "an employee status to which he has never consented" is being "thrust upon a worker." Cf. *Drexler, an Infant,* v. *Labay* (1951), 155 Ohio St. 244, 98 N. E. 2d 410, where this court refused to permit that. In the instant case, plaintiff's agreement with Manpower contemplated that Manpower would pay plaintiff for work for a customer of Manpower such as Mac-Gregor, who was to have the right to control the manner and means of performing the work and who was to pay Manpower at least enough so that Manpower could pay plaintiff what he was willing to accept for doing that work. In effect, the agreement between plaintiff and Manpower was such that plaintiff can be said to have authorized Manpower to offer to MacGregor plaintiff's services as an employee of MacGregor so that, after acceptance by MacGregor of that offer, there was a contractual relationship among the three under which Manpower was to make certain payments on behalf of MacGregor to and for plaintiff, plaintiff was to work as an employee for MacGregor, and MacGregor was to make certain payments to Manpower.

As plaintiff recognizes, *Trumble Cliffs Furnace Co.* v. *Shachovsky* (1924), 111 Ohio St. 791, 146 N. E. 306, involved an injury to an employee of an independent contractor of the party sued. It could hardly be contended with reason that Manpower was acting as an independent contractor with respect to the work which plaintiff in the instant case was doing at the time of his fall. There was no contention in *George* v. *City of Youngstown* (1942), 139 Ohio St. 591, 41 N. E. 2d 567, that the WPA worker, there allowed to sue the city, was an employee of the city at the time of his injury.

In view of the foregoing decisions of this court, it is not necessary to consider the authorties outside Ohio that have been referred to by the parties. We note, however, that our conclusion is supported by *Combustion Engineering Co.* v. *Industrial Commission* (1948), 254 Wis. 167, 35 N. W. 2d 317; *American Stevedores Co., Inc.*, v. *Industrial Commission* (1951), 408 Ill. 449, 97 N. E. 2d 325; *Benoit* v. *Hunt Tool Co.* (La. App. 1950), 45 So. 2d 512; and *St. Claire* v. *Minnesota Harbor Service, Inc.* (1962), 211 F. Supp. 521. The last case even involved Manpower, Inc.

It may be noted that (probably because of *State, ex rel. Bettman, Atty. Genl.,* v. *Christen* [1934], 128 Ohio St. 56, 190 N. E. 233), no contention has been made that plaintiff was, within the meaning of the exclusionary language of Section 4123.01 (a) (2), a "person whose employment is but casual and not in the usual course of trade, business, profession or occupation of his employer."

In the instant case, reasonable minds could conclude only that the right to control the manner and means of performing the work which plaintiff was doing when injured was in Mac-Gregor. It necessarily follows that plaintiff was an employee of MacGregor at that time. *Bobik* v. *Industrial Commission, supra* (146 Ohio St. 187); *Giovinale* v. *Republic Steel Corp., supra* (151 Ohio St. 161, paragraph two of syllabus); *Behner* v. *Industrial Commission, supra* (154 Ohio St. 433, paragraph one of syllabus); *Halkias* v. *Wilkoff* (1943) 141 Onio St. 139, paragraph four of syllabus, 47 N. E. 2d 199.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.

HERBERT, J., dissents.