CAMPBELL, APPELLANT, *v*. CENTRAL TERMINAL WAREHOUSE, APPELLEE.

(No. 77-1381—Decided December 6, 1978.)

174

*Messrs. Tricarichi, Carnes & Kube, Mr. Charles S. Tricarichi* and *Mr. Michael R. Kube,* for appellant.

*Myers, Stevens & Rea Co., L. P. A.,* and *Mr. John S. Rea,* for appellee.

*Per Curiam.* The facts in this cause are nearly identical to those in *Daniels* v. *MacGregor Co.* (1965), 2 Ohio St. 2d 89, wherein this court held:

"Where an employer employs an employee with the understanding that the employee is to be paid only by the employer and at a certain hourly rate to work for a customer of the employer and where it is understood that that customer is to have the right to control the manner of means of performing the work, said employee in doing that work is an employee of the customer within the meaning of the Workmen's Compensation Act; and, where such customer has complied with the provisions of the Work-

men's Compensation Act, he will not be liable to respond in damages for any injury received by such employee in the course of or arising out of that work for such customer.''

Clearly, under *Daniels*, appellant was an employee of Central. Hour Man hired appellant to work for Central. Central controlled the manner and means of appellant's work, and had complied with the requirements of the Workers' Compensation Act with respect to its employees.[1] However, appellant would have this court overrule *Daniels* by dispensing with the right-to-control test as applied to this cause and hold that, under R. C. 4123.01(A), appellant was an employee only of Hour Man.

A majority of this court is not convinced that the result in *Daniels* should be overruled. The holding has remained unchanged for approximately 13 years and it is significant that the General Assembly has chosen not to alter the result obtained in *Daniels*. See *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, 72-73; *Wetzel* v. *Weyant* (1975), 41 Ohio St. 2d 135, 137.

Furthermore, we find that under the express provisions of R. C. 4123.01 appellant was an "employee" of Central. That section provides, in relevant part:

"(A) 'Employee,' 'workmen' or 'operative' means:

"* * *

"(2) Every person in the service of any person, firm, or private corporation * * * under any contract of hire, express or implied * * *.''

The appellant clearly was "in the service of" Central. He was referred by Hour Man to perform tasks *as requir-*

---

[1] It should be noted that although Central did not make any direct payments into the state insurance fund on behalf of appellant, Central was in compliance with the provisions of R. C. 4123.35 requiring every employer to pay into the fund the amount of premium fixed by the Industrial Commission.

Also noteworthy, is the fact that part of the payments made by Central to Hour Man for temporary help took into consideration the contributions Hour Man had made into the Workers' Compensation Fund on behalf of appellant.

*ed by Central.* Moreover, there existed an implied contract of hire between Central and appellant, whereby appellant in effect authorized Hour Man to offer his services for hire, and Central, by approving the referral, accepted appellant's offer. See *Daniels,* at page 94. Although Central did not directly pay appellant, Central did pay Hour Man a certain sum which covered the reimbursement of appellant for his services.

We conclude, therefore, that appellant was an employee of Central at the time of his injury, and thus was precluded from bringing suit against Central in this cause.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

LEACH, C. J., and CELEBREZZE, J., dissent.

LEACH, C. J., dissenting. Section 35, Article II of the Ohio Constitution, specifically authorizing the passage of laws for the establishment of a state fund for the purpose of providing compensation to workmen, states, *inter alia,* that:

" * * * any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law * * * for such * * * injuries * * *."

Pursuant thereto, R. C. 4123.74 provides that:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury * * * received * * * by any employee in the course of or arising out of his employment * * * during the period covered by such premium so paid into the state insurance fund * * *."

R. C. 4123.35, in turn, provides that every employer shall "pay into the state insurance fund the amount of premium fixed by the industrial commission," such amount

being "determined by the classifications, rules, and rates made and published by said commission."

In my opinion the amount of premium required to be paid by an individual employer under R. C. 4123.35 is necessarily predicated "upon the amount of wage expenditure." R. C. 4123.23. By the terms of R. C. 4123.24, every employer is required to "keep, preserve, and maintain complete records showing in detail all expenditures for payroll * * *."

In the instant case, the record clearly establishes that appellee, Central Terminal Warehouse, did not at any time include appellant on its payroll. Thus, the premiums paid by Central did not even purport to cover appellant as one of its employees. Central likewise did not pay social security, federal or state income withholding tax, or unemployment compensation for appellant. All of these taxes, reflecting appellant as an employee, were paid by Hour Man.

R. C. 4123.46 provides that the Industrial Commission shall disburse the state insurance fund "to employees of employers who have paid into said fund the premiums applicable to the classes to which they belong when such employees have been injured in the course of their employment," and provides further that "[s]uch payment to such injured employees * * * shall be in lieu of any and all rights of action against the employer of such * * *employees."

I believe it clear that the question of whether an employer has complied with R. C. 4123.35 necessarily involves a consideration of the provisions of R. C. 4123.23, 4123.24, 4123.46, as well as those of R. C. 4123.29, the latter section authorizing the commission to fix premiums based upon "the total payroll" of a specific employer in different classes of occupation or industry.

Under this set of facts to conclude that, with respect to the appellant, Central had complied with the requirements of R. C. 4123.35, is to conclude that Central's compliance with such requirements as to those persons admittedly employed by it and included within Central's payroll

upon which premium payments are based, would constitute full compliance under R. C. 4123.74.

In effect, this rationale was asserted but rejected in *Trumbull Cliffs Furnace Co.* v. *Shachovsky* (1924), 111 Ohio St. 791.[2]

In *Coviello* v. *Indus. Comm.* (1935), 129 Ohio St. 589, this court held in the fifth paragraph of the syllabus that "[i]t is impossible to have a 'contract for hire' without an obligation that the person denominated the employer pay the person employed." Such holding was repeated and approved in the first paragraph of the syllabus of *Drexler* v. *Labay* (1951), 155 Ohio St. 244.

I fully recognize that the instant cause can not logically be distinguished from *Daniels* v. *MacGregor Co.* (1965), 2 Ohio St.. 2d 89. From a detailed study of that case, however, it appears to me that the issue of what, in fact, constitutes compliance with R. C. 4123.35 was not discussed and such compliance merely assumed.

The question involved herein, of course, is not whether Central would be liable to third persons under the doctrine of *respondeat superior,* such doctrine involving the elements of direction and control. Instead, the basic question is whether Central was an employer of appellant within the purview of the Workers' Compensation Act. To conclude that Central was the employer would mean that, pursuant to the provisions of R. C. 4123.518, Central would have to be notified of a hearing in considering the granting or rejection of an application for compensation and that, under the terms of R. C. 4123.519, Central, as an

---

[2] I recognize that *Daniels* v. *MacGregor Co.* (1965), 2 Ohio St. 2d 89, distinguishes *Trumbull Cliffs* on the basis that the plaintiff in *Trumbull Cliffs* was the employee of an independent contractor. In *Daniels,* however, *MacGregor* and *Manpower* were separate and distinct corporations, each of whom had employees and each of whom " 'had complied with the provisions of the Ohio workmen's compensation law' " *by payment of premiums for their respective employees* (which is also true in the instant case). This distinction, in my opinion, overlooks the method of computation and payment of premiums required of a particular employer under the Act.

"employer," would be accorded the right to appeal a decision of the Industrial Commission in any injury case other than the decision as to the extent of disability. That Central could not possibly be considered an "employer" under R. C. 4123.519 is evidenced by the fact that this same section provides that, in the event of an appeal by the employer, payment of an award shall be made to the claimant and if, upon such appeal, it is determined that payments "should not have been made * * * the amount thereof shall be charged to the surplus fund." This, of course, is a recognition that an employer's premium is affected by payments made to his employees.

In a case such as involved here, and such as was involved in *Daniels,* the "customer of the employer" (see syllabus of *Daniels*) is not under any obligation to include the injured party, an employee of a separate legal entity, within its payroll or to compute premium payments upon such basis; thus, any attempted appeal by the "customer of the employer" (even if permitted and successful) could not possibly have any bearing upon the "customer's" premium rate.

Based upon the foregoing analysis of the Ohio Constitution and the Ohio Workers' Compensation Act, I would reverse the judgment of the Court of Appeals and overrule *Daniels* v. *MacGregor Co., supra* (2 Ohio St. 2d 89). On this basis, therefore, I respectfully dissent.

CELEBREZZE, J., concurs in the foregoing dissenting opinion.