FORAN, APPELLANT, *v.* FISHER FOODS, INC., APPELLEE.

[Cite as Foran *v.* Fisher Foods, Inc. (1985), 17 Ohio St. 3d 193.]

(No. 84-1217—Decided June 5, 1985.)

*John E. Duda,* for appellant.

*Arter & Hadden, Ed E. Duncan* and *Irene C. Keyse-Walker,* for appellee.

*Per Curiam.* Initially, it must be stated that this appeal does not require an interpretation of this court's recent pronouncement in *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90. Throughout the litigation herein, appellant has maintained that he is not an employee of appellee under the workers' compensation law. However, in his reply brief to this court, appellant attempts to gain the favor of *Jones* and argues that, as appellee's employee, his common-law action should not be precluded. We note that appellant's complaint sounds strictly in negligence and any allegation of intentional conduct is clearly lacking. Furthermore, appellant has not assigned as error any issue which is remotely akin to the *Jones* case. This court has long recognized that it will not consider a claimed error which was not raised and preserved in the appellate court. *Hoffman* v. *Staley* (1915), 92 Ohio St. 505; *State, ex rel. Babcock,* v. *Perkins* (1956), 165 Ohio St. 185 [59 O.O. 258]; *BancOhio Natl. Bank* v. *Rubicon Cadillac, Inc.* (1984), 11 Ohio St. 3d 32.

Therefore, the only issue presented on appeal is whether appellant was employed by Fisher Foods at the time of his injury. If so, then appellee may invoke the constitutional and statutory immunity, thereby precluding appellant's suit. Each lower court answered the query in the affirmative. We agree with their assessments.

For purposes of workers' compensation law, R.C. 4123.01(B), in pertinent part, defines "employer" as:

"(2) Every person, firm, and private corporation, including any public service corporation, that * * * (b) is bound by any such contract of hire or by any other written contract, to pay into the insurance fund the premiums provided by Chapter 4123. of the Revised Code."

A review of prior case law establishes that one who exercises day-to-day control over the employee will be considered as the employer for purposes of workers' compensation. *Daniels* v. *MacGregor Co.* (1965), 2 Ohio St. 2d 89 [31 O.O.2d 141]; *Campbell* v. *Central Terminal Warehouse* (1978), 56 Ohio St. 2d 173 [10 O.O.3d 342]; *State, ex rel. Stanadyne, Inc.,* v. *Indus. Comm.* (1984), 12 Ohio St. 3d 199. Cf. *Vandriest* v. *Midlem* (1983), 6 Ohio St. 3d 183. In addition, one who indirectly pays insurance premiums into the workers' compensation fund on behalf of the employee can be considered an employer under the statute. *Campbell, supra; Stanadyne, supra.*

This court was confronted with a very similar case last term in *Stanadyne, supra.* In that case, Stanadyne, Inc. executed an agreement with Shippers Interstate Services, Inc. for the latter to provide qualified truck drivers to Stanadyne. Although Shippers Interstate paid the drivers and carried the required workers' compensation insurance, we held that Stanadyne was the employer as it controlled the manner and means of performing the work. The degree of control included the drivers' routes and destinations, the type of truck driven, and the specific goods to be transported. We stated that, in effect, Shippers Interstate was little more

than an employment agency which supplied qualified drivers to Stanadyne and received a fee therefor, part of which represented reimbursement for the amount of insurance premiums paid.

Turning to the facts before us, it is clear from the record that appellee controlled the manner and means of performing the day-to-day work activities of appellant. The contract stated that each assigned employee was under the exclusive control and supervision of Fisher Foods. Appellee also reserved the right to approve the assignment of each driver as well as specifying the starting point and time, the destination, and the route to be traveled by the driver. In addition, appellee was required, pursuant to the contract, to reimburse AMA for the actual cost of workers' compensation premiums paid on behalf of drivers assigned to it. These indirect payments as well as the day-to-day exercise of control are sufficient to establish Fisher Foods as appellant's employer for purposes of this appeal.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., and C. BROWN, J., dissent.