WESTERN WORLD INSURANCE COMPANY, INC., Appellant,

v.

SPEVCO, INC. et al., Appellees.

[Cite as *W. World Ins. Co., Inc. v. Spevco, Inc.,* (1996), 109 Ohio App.3d 122.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 95–APE07–868, 95–APE09–1194.

Decided Feb. 1, 1996.

*Ulmer & Berne* and *Edwin J. Hollern,* for appellant.

*Arter & Hadden* and *David C. Patterson,* for appellee Spevco, Inc.

*Otto Beatty, Jr.,* for appellee Carrie Nall.

LAZARUS, Judge.

Plaintiff, Western World Insurance Company ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of its insured, Spevco, Inc. ("appellee"). We reverse and enter judgment in favor of appellant for reasons that follow.

Appellee, a North Carolina corporation in the business of sports marketing and promotion, was engaged to perform services at the Mid–Ohio Raceway ("Mid–Ohio"), in Lexington, Ohio, in 1991. Appellee contracted with Snelling Personnel Services ("Snelling") of Mansfield, Ohio, for Snelling to provide appellee with workers to erect tents and do other work at Mid–Ohio. Christopher Quinn Nall and Larry Hammock were two of the workers Snelling assigned to work for appellee. On May 29, 1991, while working at Mid–Ohio, Nall was killed and Hammock injured when a metal pole touched a live electrical wire. One other person, Jeffrey Preston, was killed, and another, Gary South, was injured. In May 1993, Carrie Nall, Nall's mother and administrator of his estate, and also an appellee herein, filed a wrongful death action against appellee and others, and Larry Hammock filed a separate action against appellee and others. Carrie Nall's action is pending in the trial court. Hammock reached a settlement with appellant and is no longer a party in this case.

Appellant Western World was appellee's insurer. The insurance policy includes the following "employee exclusion provision":

"2. INJURY TO EMPLOYEE AND VOLUNTEER EXCLUSION * * *

"This insurance does not apply:

"1. to Bodily Injury to any employee or volunteer of the insured arising out of and in the course of his employment by or service to the insured for which the insured may be held liable as an employer or in any other capacity;

"2. to any obligation of the insured to indemnify or contribute with another because of damages arising out of the Bodily Injury; or

"3. to Bodily Injury sustained by the spouse, parent, brother, sister or companion of an employee or volunteer of the insured as a consequence of Bodily Injury to such employee or volunteer occurring in the course of his employment by or service to the insured.

"This exclusion applies to all causes of action arising out of such injury to any employee or volunteer by any person or organization for damages because of Bodily Injury including care and loss of services."

Appellant filed a declaratory judgment action on November 3, 1993, naming appellee, Carrie Nall, and Larry Hammock as defendants. Appellant sought a judgment declaring that, because Nall was an "employee" within the meaning of the employee exclusion provision, appellant was not obliged to pay any sums that appellee may become obligated to pay by reason of recovery or judgment against it in the Nall action.

On July 21, 1994, the trial court overruled cross-motions for summary judgment. The case was transferred to another judge on May 2, 1995, who on May 31, 1995, granted appellee's second motion for summary judgment. Appellant's motion for reconsideration was denied on June 13, 1995, and on September 5, 1995, the trial court awarded appellee $30,233.37 for expenses and attorney fees pursuant to R.C. 2721.09. In its appeal from the May 31 judgment concerning coverage, appellant asserts two assignments of error:

"I. The trial court erred when it granted summary judgment in favor of appellee Spevco, Inc. and overruled the motion for summary judgment of appellant Western World Insurance Company.

"II. The trial court erred when it refused to apply the law of the case doctrine and overruled appellant's motion for reconsideration."

In its appeal from the September 5 judgment awarding expenses and attorney fees, appellant asserts four assignments of error.

The trial court held that the term "employee" in the insurance policy is ambiguous and that the employee exclusion provision must therefore be construed in favor of the insured. In the time since the trial court rendered its opinion, however, the Ohio Supreme Court decided *Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm* (1995), 73 Ohio St.3d 107, 652 N.E.2d 684, in which the court unanimously held that the term "employee" in an insurance policy is not

ambiguous, that it "does have a plain and ordinary meaning." *Id.* at 108, 652 N.E.2d at 686.

" * * * It is, therefore, unnecessary and impermissible for a court to resort to construction of that language. * * * Thus, the interpretation of this insurance contract is a matter of law * * * reviewed by a court *de novo.* * * * " *Id.*

Based on *Guman Bros.,* we conclude (1) that the trial court incorrectly applied a rule of construction to the term "employee" because the court incorrectly found the term to be ambiguous, and (2) that this court may rule *de novo* on the question of whether Nall was an employee of appellee for purposes of the insurance contract between appellant and appellee.[1]

In *Guman Bros.,* the court held that because of the employee exclusion provision in the insurance policy, the insurer was not obliged to indemnify or defend the action brought by an injured worker who was working on defendant's farm as part of an occupational work experience program through his high school. The court relied on the definition of "employee" found in Black's Law Dictionary (6 Ed.1990) 525:

"A person in the service of another * * * where the employer has the power or right to control and direct the employee in the material details of how the work is to be performed. * * * One who works for an employer; a person working for salary or wages."

■ Similarly, in this case, appellee controlled and directed Nall in the material details of how the work was to be performed. Appellee supervised the task of erecting the tents. No Snelling employee was on the work site to supervise the work; Snelling sent only an account manager. According to Snelling's director of operations, the account manager was there only part-time and only as a "marketing tool," not a task supervisor. Both the account manager and Snelling's president and CEO stated that Snelling provided no work supervision at Mid–Ohio. Because appellee controlled and directed Nall in the material details of how the work was to be performed, Nall was an employee of appellee for purposes of the insurance contract between appellant and appellee.

Appellee argues that *Guman Bros.* is distinguishable because the worker was a student worker instead of a temporary worker and because the Guman Brothers farm paid the student worker's wages. As for the first argument, there is no

---

1. Although the question of whether someone is an employee is a question of law, it becomes amenable to summary judgment only when there are no material facts at issue. For example, if there were disputes in this case over details such as what work Nall performed or who supervised him, there might be a genuine issue as to material facts, in which case summary judgment would be inappropriate. Here, however, all parties agree that summary judgment and *de novo* review are appropriate because there is no genuine issue as to any of the facts that this court must consider in determining whether Nall was an employee of appellee.

reason to limit *Guman Bros.* to cases involving student workers. The employee exclusion provision in *Guman Bros.* was substantially similar, and there is nothing in the *Guman Bros.* opinion to suggest that the decision was influenced by the fact there was no other employer involved. As for the second argument, it does not matter in this context who pays the wages and workers' compensation premiums of the worker because the agency customer is indirectly paying for both when it pays the fee to the employment agency. See 1B Larson, Law of Workmen's Compensation (1995) 8–546 to 8–547, Section 48.30.

The right-to-control rule of *Guman Bros.* is the same rule the Supreme Court has applied in holding that, when the customer of an employment agency has the right to control the details of the work, the customer has the status of an employer for purposes of workers' compensation and is, therefore, immune from an action for damages by the worker,[2] even if, as in this case, it was the agency that paid the wages and workers' compensation premiums. *Foran v. Fisher Foods, Inc.* (1985), 17 Ohio St.3d 193, 17 OBR 430, 478 N.E.2d 998; *Campbell v. Cent. Terminal Warehouse* (1978), 56 Ohio St.2d 173, 10 O.O.3d 342, 383 N.E.2d 135; *Daniels v. MacGregor Co.* (1965), 2 Ohio St.2d 89, 31 O.O.2d 141, 206 N.E.2d 554; *Newman v. Consol. Stores Intl. Corp.* (Dec. 3, 1991), Franklin App. No. 91AP–841, unreported, 1991 WL 254888; see, also, *State ex rel. Stanadyne, Inc. v. Indus. Comm.* (1984), 12 Ohio St.3d 199, 202, 12 OBR 264, 266–267, 466 N.E.2d 171, 174; *Vandriest v. Midlem* (1983), 6 Ohio St.3d 183, 184, 6 OBR 239, 240–241, 452 N.E.2d 321, 321–322. In *Daniels,* the court reasoned that, in effect, the worker is authorizing the employment agency to offer to the agency's customers the worker's services as an employee of the customer. After acceptance by the customer of the offer, there is a contractual relationship among the three under which the agency is to make certain payments on behalf of the customer to and for the worker, the worker is to work as an employee for the customer, and the customer is to make payments to the agency. See *id.,* 2 Ohio St.2d at 94, 31 O.O.2d at 143–144, 206 N.E.2d at 557–558.

Applying the same right-to-control rule both in private insurance cases, such as this one and *Guman Bros.,* and in workers' compensation cases, such as those just cited, guarantees that the customers of employment agencies can insure against employee lawsuits: either the worker is an "employee," in which case the customer is immune if either it or the employment agency complies with the requirements of the Workers' Compensation Act, or the worker is not an "employee," in which case the customer can purchase private insurance protection.

---

**2.** See Section 35, Article II, Ohio Constitution; R.C. 4123.74.

Appellant's first assignment of error is sustained. Because Nall was an employee of appellee for purposes of the insurance contract between appellant and appellee, the trial court should have granted summary judgment in appellant's favor. Because of our decision regarding the first assignment of error, the second assignment of error is rendered moot.

As for appellant's separate appeal from the September 5, 1995 award of expenses and attorney fees pursuant to R.C. 2721.09, our reversal on the coverage issue in the first appeal dictates reversal of the R.C. 2721.09 award. We, therefore, reverse the award of expenses and attorney fees without addressing the merits of the four assignments of error raised by appellant. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

JOHN C. YOUNG and PEGGY BRYANT, JJ., concur.