DECISION
{¶ 1} Plaintiffs-appellants, Mark Wolf and his wife, Wanda Wolf, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, Big Lots Stores, Inc.
 {¶ 2} The disputed issue in this case is whether Mark Wolf was an employee of Big Lots at the time he suffered a workplace injury, and thereby is precluded by Ohio's Workers' Compensation scheme from bringing a negligence action against Big Lots. *Page 2 
 {¶ 3} Wolf was injured while working as a "yard switcher" at the Big Lots distribution facility in Columbus, Ohio. His duties involved moving trailers from place to place within the Big Lots facility using a small tractor cab. It is undisputed that Wolf was employed and paid by Penske Logistics at the time, and that Penske then provided Wolf's services to Big Lots under contract. Wolf would report to work at a small Penske office on Big Lots' premises, and then spend his entire day within the Big Lots facility moving trailers at the direction of Big Lots personnel. The tractor cabs used for this were owned and maintained by Big Lots.
 {¶ 4} After Wolf suffered a workplace injury when his tractor cab ran at full speed through a deep pothole, he filed this negligence action against Big Lots with an accompanying loss-of-consortium claim by Mrs. Wolf.
 {¶ 5} The trial court granted summary judgment in favor of Big Lots, finding that there remained no genuine issue of material fact on the question of whether Wolf's daily activities and movements on the job were controlled by Big Lots and that he was therefore a Big Lots employee for purposes of workers' compensation immunity from suit. Wolf has successfully presented his workers' compensation claim and collected benefits through his employment with Penske.
 {¶ 6} Appellants have timely appealed and bring the following two assignments of error:
 ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS ITS DECISION IS CONTRARY TO ESTABLISHED DECISIONAL LAW. *Page 3 
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE MATERIAL ISSUES OF FACT REMAIN TO BE DETERMINED BY THE JURY.
 {¶ 7} We initially note this matter was decided in the trial court by summary judgment, which under Civ.R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son, Inc. v. Midwestern Indemn. Co.
(1992), 65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. Additionally, a moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.
 {¶ 8} An appellate court's review of summary judgment is de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Patsy Bard v. Society Nat. Bank, nka KeyBank (Sept. 10, 1998), Franklin App. No. 97APE11-1497. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. Jones v. ShellyCo. (1995), 106 Ohio App.3d 440, 445. As such, we have the authority to overrule a trial court's judgment if the record does not support any of the grounds raised by the movant, even if the trial court failed to consider those grounds. Bard. *Page 4 
 {¶ 9} It is undisputed in the present case that Wolf was an employee of Penske, and has pursued and obtained workers' compensation benefits for his job-related injuries through his employment with Penske. R.C.4123.74 provides that employers participating in Ohio's workers' compensation system "shall not be liable to respond in damages at common law or by statute for any injury * * * received or contracted by any employee in the course of or arising out of his employment [.]" The Supreme Court of Ohio has clearly stated that, for purposes of R.C.4123.74, workers' compensation immunity, an individual may under certain circumstances be considered the employee of more than one employer qualifying for immunity. Stanadyne, Inc. v. Indus. Comm. (1984),12 Ohio St.3d 199. In Daniels v. McGregor (1965), 2 Ohio St.2d 89, the Supreme Court of Ohio reviewed basic elements of such dual employment in a factual context similar to the one before us:
 "Where an employer employs an employee with the understanding that the employee is to be paid only by the employer and at a certain hourly rate to work for a customer of the employer and where it is understood that that customer is to have the right to control the manner or means of performing the work, such employee in doing that work is an employee of the customer within the meaning of the Workmen's Compensation Act.* * *"
Id., syllabus (citations omitted).
 {¶ 10} The principal evidence before the trial court in appellants' attempt to establish a material issue of fact as to Wolf's dual employment were his affidavit and his deposition testimony. Wolf's deposition testimony established that he would begin his work day at the Big Lots distribution facility by obtaining a tractor cab, signing into its on-dashboard computer and receiving his "yard moves" over the computer or by two-way *Page 5 
radio. These moves were directed exclusively by Big Lots distribution dispatchers, and Penske personnel were not involved in the assignment of execution of these yard moves.
 {¶ 11} In contrast, Wolf's affidavit in this case asserts that he was a Penske employee because he was interviewed, road-tested, and hired by Penske, which issued his paychecks and posted his work schedule. The affidavit further states that Wolf began his employment as an over-the-road truck driver serving various Big Lots retail stores and could have been retransferred back to such a position from his yard-switching duties at any time without any input from Big Lots, and that he was not allowed any access to most of the Big Lots facility nor given a Big Lots ID card. The affidavit makes the conclusory assertion, "Big Lots Stores, Inc. was not my employer and did not control in any way the manner and means of the operation of my truck or daily work duties." (Wolfe, Nov. 22, 2006 affidavit, ¶ 10.)
 {¶ 12} While a party's affidavit is perfectly competent evidence under Civ.R. 56(E), Morantz v. Ortiz, Franklin App. No. 07AP-597,2008-Ohio-1046, it must be made on personal knowledge, set forth facts admissible in evidence, and affirmatively demonstrate that the affiant is competent to testify on the matters set forth in the affidavit. Id. A party may not establish a material issue of fact in opposition to summary judgment by submitting a self-serving affidavit presenting nothing more than bare contradictions of other competent evidence and conclusory statements of law. Bell v. Beightler, Franklin App. No. 02AP-569, 2003-Ohio-88. Nor may a party create a material issue of fact in opposition to summary judgment by means of internally contradictory evidence that merely contradicts prior evidence submitted by the party. *Page 6 
 {¶ 13} We find that the trial court has correctly reviewed the evidence presented in this case in support of and in opposition to summary judgment and properly found that there remains no genuine issue of material fact on the question of whether Wolf was an employee of both Big Lots and Penske for purposes of workers' compensation immunity. The facts of this case are on all fours with Stanadyne and Daniels. In particular, in Stanadyne, the Supreme Court of Ohio noted that the "right to control routes, destinations, the type of truck given, and goods to be transported" would support a finding of employment even if hiring, firing, wages, administerial employment factors were controlled by another entity. Stanadyne, at 201. Subsequent cases have established the primacy of these factors in controlling workers' compensation immunity. See, e.g., Foran v. Fisher Foods, Inc. (1985),17 Ohio St.3d 193, 194 ("A review of prior case law establishes that one who exercises day-to-day control over the employee will be considered as the employer for workers' compensation."); Newman v. Consolidated Stores Intl.Corp. (Dec. 3, 1991), Franklin App. No. 91AP-841. We acknowledge the potentially conflicting case of Whittington v. New Jersey Zinc. Co.
(1985), 775 F.2d 698, but note that that case is both distinguishable on the facts and would not control over Supreme Court of Ohio case precedent governing state law questions.
{¶ l4} In summary, we find that the court of common pleas did not err in concluding that the control exercised by Big Lots over Wolf in his day-to-day employment duties at Big Lots distribution center was sufficient to confer immunity upon Big Lots, that there remains no genuine issue of material fact on this question, and that Big Lots was entitled to summary judgment both on Wolf's direct claim for negligence and his wife's *Page 7 
derivative claim for loss of consortium. Appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1