French, J.,
dissenting.
{¶ 28} I respectfully dissent from the majority opinion. I agree that if the meaning of the statute is unambiguous and definite, we must apply it, and we need not interpret it further. State ex rel. Savarese v. Buckeye Local School *289 Dist. Bd. of Edn., 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). In my view, however, the correct analysis of R.C. 4123.35(0) does not require that any paragraph perform double duty in delineating the workers’ compensation status of the self-insuring employer, enrolled contractors and subcontractors, and employees of the enrolled contractors and subcontractors. Instead, each of four sequential paragraphs in R.C. 4123.35(0) sets up an aspect of the workers’ compensation scheme applicable to self-insured construction projects.
{¶ 29} The sixth paragraph of R.C. 4123.35(0) creates a legal fiction in which the self-insuring employer is the employer of every enrolled contractor’s and subcontractor’s employees for workers’ compensation purposes. It says:
A self-insuring employer who complies with this division is entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to the employees of the contractors and subcontractors covered under a certificate issued under this division for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees’ employment on that construction project, as if the employees were employees of the self-insuring employer, provided that the self-insuring employer also complies with this section. No employee of the contractors and subcontractors covered under a certificate issued under this division shall be considered the employee of the self-insuring employer listed in that certificate for any purposes other than this chapter and Chapter 4121. of the Revised Code. Nothing in this division gives a self-insuring employer authority to control the means, manner, or method of employment of the employees of the contractors and subcontractors covered under a certificate issued under this division.
(Emphasis added.) R.C. 4123.35(0).
{¶ 30} R.C. 4123.35(0) requires the self-insuring employer to administer and pay these employees’ eligible workers’ compensation claims. In return, the self-insuring employer receives protection from negligence suits. In short, workers’ compensation benefits are an employee’s exclusive remedy against the self-insuring employer. See Freese v. Consol. Rail Corp., 4 Ohio St.3d 5, 7, 445 N.E.2d 1110 (1983), citing Ohio Constitution, Article II, Section 35.
{¶ 31} The next paragraph — the one the parties primarily contest — extends the protections of R.C. Chapters 4121 and 4123 to the enrolled contractors and subcontractors. But it specifies that each enrolled contractor or subcontractor receives this protection with respect solely to its own employees. It provides:
*290 The contractors and subcontractors included under a certificate issued under this division are entitled to the protections provided under this chapter and Chapter 4121. of the Revised Code with respect to the contractor’s or subcontractor’s employees who are employed on the construction project which is the subject of the certificate, for death or injuries that arise out of, or death, injuries, or occupational diseases that arise in the course of, those employees’ employment on that construction project.
(Emphasis added.) R.C. 4123.35(0) (seventh paragraph).
{¶ 32} This provision is necessary because the enrolled contractors and subcontractors do not actually pay workers’ compensation premiums for their employees on the project. But the contractors’ and subcontractors’ employees remain employees of the contractor and subcontractor employers — even for workers’ compensation purposes — because the contractors and subcontractors retain “the right to control the manner or means of performing the work.” Daniels v. MacGregor Co., 2 Ohio St.2d 89, 206 N.E.2d 554 (1965), syllabus; R.C. 4123.35(0) (sixth paragraph, discussing self-insuring employer’s protections under R.C. Chapters 4121 and 4123). And generally, to get the protection of the workers’ compensation statutes — immunity from common-law or statutory damages — an employer must pay into the state insurance fund for its employees. Daniels at the syllabus, citing Ohio Constitution, Article II, Section 35, and R.C. 4123.74. Therefore, only the language of the seventh paragraph of R.C. 4123.35(0) extends the protections of R.C. Chapters 4121 and 4123 to these actual employers who do not pay into the state insurance fund. That is, the statute creates a second legal fiction in which the contractor or subcontractor employers receive the benefits of the workers’ compensation system without directly contributing to it.
{¶ 33} The next paragraph limits the self-insuring employer’s workers’ compensation responsibility to those employees who actually work on a particular project. It begins:
The contractors and subcontractors included under a certificate issued under this division shall identify in their payroll records the employees who are considered the employees of the self-insuring employer listed in that certificate for purposes of this chapter and Chapter 4121. of the Revised Code, and the amount that those employees earned for employment on the construction project that is the subject of that certificate.
R.C. 4123.35(0) (eighth paragraph).
{¶ 34} This paragraph provides the mechanism that limits the self-insuring employer’s responsibility for administering and paying workers’ compensation *291 claims to the enrolled contractors’ and subcontractors’ employees who actually work on the self-insured construction project. It accomplishes this by requiring the enrolled contractors and subcontractors to identify in their payroll records their employees who, under the statute’s legal fiction, are considered employees of the self-insuring employer.
{¶ 35} The next and, for our purposes, final paragraph of R.C. 4123.35(0) confirms that fellow-servant immunity does not bar employees of one enrolled contractor or subcontractor from suing employees of another enrolled contractor or subcontractor. In short, this paragraph preserves an employee’s right to sue tortfeasors employed by other enrolled contractors or subcontractors. The majority fails to consider this provision. It provides:
Nothing in this division shall be construed as altering the rights of employees under this chapter and Chapter 4121. of the Revised Code as those rights existed prior to September 17, 1996. Nothing in this division shall be construed as altering the rights devolved under sections 2305.31 and 4123.82 of the Revised Code as those rights existed prior to September 17,1996.
R.C. 4123.35(0) (ninth paragraph).
{¶ 36} By its plain language, this provision preserves an injured employee’s rights as they existed prior to September 17,1996 — the effective date of Sub.H.B. No. 245, 146 Ohio Laws, Part II, 2955, which first introduced provisions substantially similar to those now contained in R.C. 4123.35(0), id. at 2971-2976. Then, as now, a worker who was injured on the job and who received workers’ compensation benefits from his employer’s participation in the workers’ compensation system could sue a tortfeasor who was employed by a different employer, subject to the subrogation rights of the workers’ compensation administrator or a self-insuring employer. See R.C. 4123.931 (enacted in 1995, Am.Sub.H.B. No. 278, 146 Ohio Laws, Part II, 3581, 3595-3597; setting forth rights of subrogation with respect to a workers’ compensation claimant’s claims against third-party tortfeasors); R.C. 4123.93 (defining claimant, statutory subrogee, and third party for purposes of subrogation provision). Therefore, an injured employee of one enrolled contractor or subcontractor may sue an employee of another enrolled contractor or subcontractor who caused the injury, as if the legal fiction created in R.C. 4123.35(0) did not exist.
{¶ 37} In short, based on a comprehensive reading of the relevant provisions, I disagree with the majority’s ultimate holding that R.C. 4123.35(0) and 4123.74 preclude the employees of one enrolled contractor or subcontractor from suing in tort employees of another contractor or subcontractor — and recovering from the *292 other contractor or subcontractor under respondeat superior principles. Because I would answer the certified question in the negative, I dissent.
Goodson & Co. and Brett C. Goodson, for respondent.
Kohnen & Patton, L.L.P., and Colleen M. Blandford, for petitioner J & B Steel Erectors, Inc.
Patsfall, Yeager & Pflum, L.L.C., Susan M. Falyer, Stephen M. Yeager, and Stephen J. Patsfall, for petitioners D.A.G. Construction Co., Inc., and TriVersity Construction Co., L.L.C.
Green & Green, Jane M. Lynch, and Jared A. Wagner, for petitioner Messer Construction Co.
Pfeifer, J., concurs in the foregoing opinion.