ROWE ET AL. *v.* RIESS.

(No. 85-074—Decided August 5, 1986.)

Court of Common Pleas of Hardin County.

*DaPore & Associates Co., L.P.A.,* and *Joseph C. DaPore,* for plaintiffs.

*Robert B. Downing* and *Frank B. Cory,* for defendant.

DOWD, J. The plaintiff, Rhonda Rowe, was employed at all pertinent times as a housekeeper and baby-sitter in the household of defendant, Susan Riess, and her husband, Nils Riess, in Hardin County, Ohio. Both employers

are teachers. On October 1, 1984, the household was composed of the Riesses, their two small children, and an eight-year-old English Springer Spaniel dog. It was necessary to take the dog outside periodically and place it on a runner chain, both for exercise and to permit it to care for the "needs" of nature.

On October 1, 1984, while Susan Riess was instructing Rhonda Rowe as to the manner of attaching the dog's collar to the runner chain, the dog bit Rhonda Rowe on her left wrist.

Subsequently, on March 26, 1985, Rhonda Rowe filed this case against Susan Riess seeking damages as to two causes of action, to wit: absolute liability under R.C. 955.28, and intentional tort. Her spouse, plaintiff Chalmer Rowe, sought damages for loss of consortium. Defendant responded and, among others, pleaded an affirmative defense, relying upon the provisions of R.C. 4123.74.

Plaintiffs filed a motion for summary judgment. This motion was denied. Plaintiff Rhonda Rowe then voluntarily dismissed count two of the first and second causes of action of the complaint, as amended (intentional tort).

Counsel then filed a "Stipulation of Agreed Facts," and defendant moved for judgment as a matter of law. By agreement of the parties, the case was then submitted to the court on such stipulated facts. Whereupon, the court took the case under consideration and adopted the parties' Stipulation of Agreed Facts as its own —

### Findings of Fact

(1) Nils Riess and Susan Riess were complying employers under the Ohio Workers' Compensation Act on October 1, 1984;

(2) The workers' compensation coverage granted to Nils Riess and Susan Riess, under Risk No. 741123, covered all household employees of Nils Riess and Susan Riess;

(3) Rhonda Rowe was a household employee of Nils Riess and Susan Riess;

(4) Susan Riess was the owner and keeper of a dog which bit Rhonda Rowe on October 1, 1984; and

(5) Rhonda Rowe was acting within the course and scope of her employment with Nils Riess and Susan Riess when the dog bit her.

### Conclusions of Law

The purpose of the Workers' Compensation Act is to grant to the complying employers immunity for tort liability (excepting intentional tort), and at the same time grant compensation to the employees for any injuries sustained in the course of their employment.

R.C. 4123.01(A)(2), as amended October 13, 1983, extends workers' compensation coverage to household employees who earn $160[1] or more in cash in any calendar quarter from a single employer, and includes as "employer" every person who has in service one or more workmen regularly.

An injury is not compensable under the Workers' Compensation Act unless it is received in the course of and arises out of the employment; and an employee is in the course of his employment while he is performing the obligation of his contract of employment.

Where the employee of a complying employer, while acting in the scope of and in the course of her employment and under the direction of and instructions of her employer, is injured, the injury has occurred within the course of and scope of her employment, and the complying employer is entitled to immunity

---

[1] The agreed facts stipulate that Rhonda Rowe was a "household employee" of the Riesses, and that all household employees of the Riesses were covered under Risk No. 741123, thus stipulating that Rhonda Rowe meets the definition of "employee" under the statute, and defendant that of "employer."

from suit for damages as provided by law. R.C. 4123.74.

The workers' compensation law of Ohio specifically abolished both common-law and statutory actions against a complying employer subject to its provision. Section 35, Article II of the Constitution of Ohio is free from ambiguity and provides in part:

"* * * Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at *common law or by statute* for such death, injuries or occupational disease." (Emphasis added.)

Where a household employee of a complying employer, while acting in the scope of and in the course of her employment, receives instructions from her employer as to her duties in attaching the household dog to a runner chain, and is bitten by that dog, the incident and her resultant injury have occurred in the scope of and in the course of her employment, and her complying employer shall not be liable to respond in damages at common law or by statute for such injuries.

It is well-established in this jurisdiction that a spouse of an employee injured within the course of and scope of her employment with an employer who has complied with the workers' compensation statutes cannot recover for loss of consortium. *Bevis* v. *Armco Steel* (1951), 156 Ohio St. 295, 46 O.O.2d 172, 102 N.E.2d 444.

This case comes under the workers' compensation law of Ohio and the defendant is entitled to immunity from suit in damages under common law and statute. Defendant is entitled to a judgment as a matter of law. The amended complaint is dismissed.

*Complaint dismissed.*