HORN et al., Appellants,

v.

CASSAN et al., Appellees.

[Cite as *Horn v. Cassan* (1992), 78 Ohio App.3d 353.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP-1098.

Decided Feb. 20, 1992.

*Larrimer & Larrimer* and *George N. Gloeckner,* for appellants.

*Hamilton, Kramer, Myers & Cheek* and *Michael J. McLane,* for appellees Christopher Cassan et al. and State Farm Fire & Casualty Company.

JOHN C. YOUNG, Presiding Judge.

This matter is before this court upon the appeal of Linda Horn et al., appellants, from a summary judgment in favor of appellees Christopher Cassan et al. Appellant Linda Horn was employed as a maid by New Image Professional Cleaning, Inc. ("New Image"). She was assigned by New Image to clean the Cassan residence. While she was at the Cassan home, she interrupted her cleaning duties and went outside to the driveway to move her car so that Mrs. Cassan could drive her vehicle out of the garage. The family dog, a mixed-breed German shepherd, was in the garage, escaped, and attacked and bit the appellant causing injuries.

Appellant, through New Image, applied for and received workers' compensation benefits. Subsequently, appellant filed this lawsuit against the Cassans pursuant to the dog-bite statute, R.C. 955.28(B). The Cassans defended the suit on the basis of R.C. 4123.35 and 4123.74, that they were the employers of appellant and, thus, her workers' compensation claim precluded any common-law or statutory recovery against them. The trial court agreed with the appellees' position in holding that the Cassans were employers of Linda Horn and that appellants were precluded from seeking any further

compensation since part of the Cassans' fee paid to New Image went to pay the cost of workers' compensation premiums. The trial court granted appellees' motion for summary judgment and overruled appellants' motion for summary judgment. Thereafter, appellants filed this appeal and now assert the following four assignments of error:

"1. The trial court erred to the prejudice of plaintiffs Linda and Johnny Horn in granting defendants' motion for summary judgment thereby dismissing all of plaintiffs' causes of action.

"2. The trial court erred to the prejudice of plaintiffs Linda and Johnny Horn by ruling that defendants' Cassans were employers of plaintiff Linda Horn entitled to immunity under the provisions of Ohio Revised Code Chapter 4123.

"3. The trial court erred to the prejudice of plaintiffs Linda and Johnny Horn by failing to consider or apply the mandates of Ohio Revised Code § 955.28 as to absolute or strict liability for defendants as owners, keepers or harborers of a dog by the court's incorrect application of the provisions of Ohio Revised Code Chapter 4123.

"4. The trial court erred to the prejudice of plaintiffs Linda and Johnny Horn by dismissing their motion for summary judgment."

Since the second assignment of error is dispositive of many of the issues in this case, it will be addressed initially. Appellants assert that the trial court erred when it concluded that the appellees were employers of Linda Horn and entitled to immunity under R.C. 4123.35 and 4123.74.

R.C. 4123.35 provides:

"(A) Except as provided in this section, every employer mentioned in division (B)(2) of section 4123.01 of the Revised Code, and every publicly owned utility shall semiannually in the months of January and July pay into the state insurance fund the amount of premium fixed by the administrator of workers' compensation for the employment or occupation of the employer, the amount of which premium to be paid by each employer to be determined by the classifications, rules, and rates made and published by the administrator. The employer shall semiannually pay a further sum of money into the state insurance fund as may be ascertained to be due from him by applying the rules of the administrator, and a receipt or certificate certifying that payment has been made shall immediately be mailed to the employer by the bureau of workers' compensation, which receipt or certificate is prima-facie evidence of the payment of the premium.

"The bureau shall verify with the secretary of state the existence of all corporations and organizations making application for workers' compensation

coverage and shall require every such application to include the employer's federal identification number.

"An employer as defined in division (B)(2) of section 4123.01 of the Revised Code who has contracted with a subcontractor shall be liable for the unpaid premium due from any subcontractor with respect to that part of the payroll of the subcontractor which is for work performed pursuant to the contract with the employer."

In pertinent part, R.C. 4123.74 states:

"Except as authorized in section 4121.80 of the Revised Code, employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation directly to his injured employees or the dependents of his killed employees, whether or not such injury, occupational disease, bodily condition, or death is compensable under sections 4123.01 to 4123.94 of the Revised Code."

Thus, it is incumbent upon this court to determine whether the appellees, as a matter of law, were in compliance with R.C. 4123.35.

█ Appellees assert that they were in compliance with R.C. 4123.35 and rely on the holding in *Campbell v. Central Terminal Warehouse* (1978), 56 Ohio St.2d 173, 10 O.O.3d 342, 383 N.E.2d 135. See, also, *Foran v. Fisher Foods, Inc.* (1985), 17 Ohio St.3d 193, 17 OBR 430, 478 N.E.2d 998. In *Campbell*, the Supreme Court reasoned that part of the payments made by Central to Hour Man for temporary help included the contributions that Hour Man made to the State Insurance Fund. *Campbell*, 56 Ohio St.2d at 175, 10 O.O.3d at 343, 383 N.E.2d at 136. Thus, it was reasoned that one who indirectly pays insurance premiums into the State Insurance Fund on behalf of the employee can be considered an employer under the statute. See *Foran*, 17 Ohio St.3d at 194, 17 OBR at 431, 478 N.E.2d at 999.

Appellants submit that New Image, and not appellee, were determined to be Linda Horn's employer throughout the processing of her claim for workers' compensation benefits. Appellants argue that, even if appellees are employers, they were not in compliance with R.C. 4123.35. As evidenced by their answers to appellants' interrogatories, the appellees have failed to produce payroll records, cancelled checks, proof of withholdings for taxes and Social

Security, proof of premium payments to the Ohio Bureau of Workers' Compensation ("bureau"), a risk number issued by the bureau, a certificate of compliance issued by the bureau, and have failed to produce a contract of employment issued to either Linda Horn or New Image. Upon review, although appellees' affidavit, Exhibit B, is attached to appellees' brief, it is not included as part of the record before this court on appeal. Even though it cannot be considered, Mrs. Cassan's affidavit states that, once the New Image maids arrived at her home, she would direct them and inspect their completed work. She states that a fee was paid to New Image by her husband, but the affidavit does not indicate or detail whether that fee included, in part, payment for workers' compensation coverage.

The cases relied upon by appellees, *Campbell* and *Foran*, were somewhat factually different from the case at bar, since they involved a contract for temporary employment between two business entities. Each one of these business entities was a participant in the State Insurance Fund and each employer was presumably in compliance with R.C. 4123.35. The facts before this court present a situation of private individuals, the Cassans, contracting for a service with a business, New Image. The service is performed by an employee of New Image, Linda Horn, and the Cassans from a legal standpoint may be nothing more than customers of New Image.

Likewise, the case cited by the trial court, *Rowe v. Riess* (1986), 30 Ohio Misc.2d 28, 30 OBR 292, 506 N.E.2d 1237, is also factually different from the case at bar, since it involved a full-time babysitter and housekeeper who was directly employed by the Riesses. The Riesses were complying employers under R.C. 4123.35, and all household employees of the Riesses were covered for workers' compensation benefits under Risk No. 741123. The facts in *Rowe* also set forth that caring for the family dog was included as a routine job duty and was part of the condition for employment.

Thus, in reviewing the relevant case law and comparing it to the factual situation of the instant case, this court cannot conclude that, as a matter of law, the appellees were the employers of Linda Horn. There was insufficient evidence in the record as developed to conclude as a matter of law that the Cassans were employers of Linda Horn.

Accordingly, appellants' second assignment of error is well taken and is sustained.

In the first assignment of error, appellants assert that the trial court erred in granting summary judgment to appellees. Summary judgment, Civ.R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there is nothing to try. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and

granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615.

Pursuant to Civ.R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment may not be rendered unless it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom this motion is made.

■ The moving party has the burden of showing that there is no genuine issue as to any material fact as to the critical issues. The opposing party has a duty to submit affidavits or other materials permitted by Civ.R. 56(C) to show a genuine issue for trial. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

In light of this court's disposition of appellants' second assignment of error, there was insufficient evidence, as a matter of law, for the trial court to conclude that an employer-employee relationship existed between Linda Horn and the Cassans. Furthermore, in examining appellees' answers to appellants' interrogatories, it is apparent that appellants met their duty in demonstrating a genuine issue for trial. See *Harless, supra.* Appellees' answers to appellants' interrogatories suggest that the Cassans were not employers of Linda Horn. Assuming, however, that they were employers, they were not in compliance with R.C. 4123.35. Accordingly, summary judgment was improper since the evidence before the trial court gave rise to a factual question as to whether the Cassans were, in fact, the employers of Linda Horn. This matter must be remanded so that the evidence can be developed regarding this issue and, thus, a factual determination made based upon sufficient evidence. Appellants' first assignment of error is well taken and is sustained.

■ In the third assignment of error, appellants assert that the trial court erred when it failed to apply the mandates of R.C. 955.28, the dog-bite statute. Appellants' argue that the mandates of R.C. 955.28 cannot be precluded by R.C. Chapter 4123.

R.C. 955.28(B) provides, in relevant part:

"The owner, keeper, or harborer of a dog is liable in damages for any injury, death, or loss to person or property that is caused by the dog * * *."

The facts before this court do not suggest in any way that appellees are not liable to appellants as mandated by R.C. 955.28(B). The factual question to be determined is whether, as employers, the Cassans have met their obligation under R.C. 955.28(B) through the workers' compensation system or, as a

customer of New Image, they have not fully met their obligation to appellants pursuant to R.C. 4123.35. From each perspective, whether considering the appellees as employers or customers, the appellants have the right to be compensated pursuant to R.C. 955.28(B). If the finder of fact concludes that the Cassans were employers, appellees have adequately been compensated through the workers' compensation process. If the trier of fact determines that the Cassans were customers of New Image and not employers, then the issue of compensation pursuant to R.C. 955.28(B) is still an open matter. Accordingly, appellants' third assignment of error is not well taken and is overruled.

In the fourth assignment of error, appellants assert that the trial court erred by dismissing appellants' motion for summary judgment. In light of this court's disposition of appellants' first, second and third assignments of error, the evidence before the trial court was insufficient, as a matter of law, to conclude that appellees were the employers of Linda Horn. Likewise, the evidence before the trial court was insufficient, as a matter of law, to conclude that the Cassans were not the employers of Linda Horn. The matter must be remanded so that the evidence can be developed and the trier of fact can make a determination, based on sufficient evidence, whether the Cassans were the employers of Linda Horn or merely customers of New Image. Accordingly, appellants' fourth assignment of error is not well taken and is overruled.

Based on the foregoing, appellants' first and second assignments of error are well taken and are sustained. Appellants' third and fourth assignments of error are not well taken and are overruled. The judgment of the Franklin County Court of Common Pleas is reversed, and the matter is remanded for further proceedings in accordance with law and this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and TYACK, JJ., concur.