[Cite as *Ferrari v. Top Flight Driver Leasing, L.L.C.*, 2013-Ohio-5232.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

GINO FERRARI                                          :

    Plaintiff-Appellant                          :          C.A. CASE NO.    2013 CA 10

v.                                                    :          T.C. NO.    12CV143

TOP FLIGHT DRIVER LEASING, LLC,         :            (Civil appeal from
et al.                                                           Common Pleas Court)

    Defendants-Appellees                      :

                                                      :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the _____27th_____ day of _____November_____, 2013.

. . . . . . . . . .

ARTHUR C. GRAVES, Atty. Reg. No. 0031027, 2929 Kenny Road, Suite 295, Columbus, Ohio 43221
    Attorney for Plaintiff-Appellant

JOHN R. SMART, Atty. Reg. No. 0042357, Assistant Attorney General, Bureau of Workers' Compensation, 150 E. Gay Street, 22nd Floor, Columbus, Ohio 43215
    Attorney for Defendant-Appellee Bureau of Workers' Compensation

J. ANDREW ROOT, Atty. Reg. No. 0059287, 133 E. Market Street, Xenia, Ohio 45385
    Attorney for Defendant-Appellee Top Flight Driver Leasing, LLC

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Plaintiff-appellant Gino Ferrari appeals a decision of the Greene County Court of Common Pleas sustaining defendant-appellees Top Flight Driver Leasing, L.L.C. (hereinafter "Top Flight") and the Ohio Bureau of Workers' Compenation's (hereinafter "BWC") motions for directed verdict made at the conclusion of Ferrari's case in chief pursuant to Civ. R. 50. By sustaining Top Flight's motion for directed verdict, the trial court found that Ferrari was an independent contractor, and an employer/employee relationship did not exist for the purpose of eligibility for workers' compensation benefits. Ferrari filed a timely notice of appeal with this Court on March 6, 2013.

{¶ 2} Ferrari is a truck driver who picked up and delivered various shipments for Jamestown Transportation, Inc. (hereinafter "Jamestown") and Top Flight. Jamestown is a trucking company located in Dayton, Ohio, that ships and transports goods and materials all over the United States. Jamestown provides its drivers with the trucks and trailers used to carry and transport goods. Jamestown also provides the assignments for its drivers, but the driver has a right of refusal. Top Flight is a company whose sole function is to provide accounting and payroll services to Jamestown.

{¶ 3} On April 2, 2007, Ferrari, a Pennsylvania resident, created a limited liability company named AUSAM Enterprises, L.L.C. (hereinafter "AUSAM"). Ferrari testified that he created AUSAM for tax purposes and child support. After incorporating, Ferrari's payments from truck driving were paid directly to AUSAM by Top Flight. Ferrari opened a bank account in the name of AUSAM and paid the expenses he incurred while driving the Jamestown truck with a credit card from the AUSAM account.

{¶ 4} On August 7, 2012, Ferrari signed an Independent Contractor Agreement with Top Flight. The agreement stated that Ferrari was not an employee of Top Flight.

The agreement also stated that Ferrari was responsible for his own taxes, would receive a 1099 tax form annually, was responsible for his Social Security tax, and, significantly, would carry his own workers' compensation coverage. Ferrari testified that at no time before or after he created AUSAM did he ever carry his own workers' compensation benefits.

{¶ 5} On December 26, 2007, Ferrari was involved in an accident while traveling to pick up a shipment for Jamestown. As a result of the accident, Ferrari was seriously injured. Ferrari filed separate workers' compensation claims with the BWC alleging that he sustained injuries while in the course and scope of his employment with Top Flight or Jamestown. The BWC denied both of Ferrari's claims, and he appealed the administrative decisions to the trial court pursuant to R.C. 4123.512. The trial court assigned separate case numbers to Ferrari's claims against Top Flight and Jamestown, and the cases were not consolidated. Nevertheless, both cases were tried together before a jury on January 31, 2013. At the close of Ferrari's case in chief, the trial court granted directed verdicts in favor of both Top Flight and Jamestown, finding that Ferrari was an independent contractor and, therefore, not entitled to workers' compensation benefits.

{¶ 6} It is from this judgment that Ferrari now appeals.

{¶ 7} Ferrari's sole assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED IN GRATING THE MOTION FOR A DIRECTED VERDICT FILED ON BEHALF OF THE DEFENDANTS."

{¶ 9} In his sole assignment, Ferrari contends that the trial court erred when it granted Top Flight's motion for directed verdict made at the close of Ferrari's case in chief. Specifically, Ferrari argues that he presented sufficient evidence at trial to establish that

reasonable minds could conclude that he was not an independent contractor, but was an employee of Top Flight when the accident occurred. Thus, Ferrari asserts that whether he was employed by Top Flight at the time of the accident was a question that should have been submitted to the jury rather than disposed of through a directed verdict.

{¶ 10} Civ.R. 50(A)(4) provides:

When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.

{¶ 11} As this Court recently noted:

We review the grant or denial of directed verdicts *de novo*. In conducting the review, we construe the evidence most strongly in favor of the nonmoving party. A motion for directed verdict must be denied "where there is substantial evidence upon which reasonable minds could reach different conclusions on the essential elements of the claim." *Anousheh v. Planet Ford, Inc.,* 2d Dist. Montgomery Nos. 21960, 21967, 2007-Ohio-4543, ¶ 43. Furthermore, "[i]n deciding a motion for directed verdict, neither the weight of the evidence nor the credibility of the witnesses is to be considered." *Cater v. City of Cleveland*, 83 Ohio St.3d 24, 33, 1998-Ohio-421, 697 N.E.2d 610. *Kademian v. Marger*, 2d Dist.

Montgomery No. 24256, 2012-Ohio-962, ¶ 56.

{¶ 12} "The 'reasonable minds' test calls upon a court to determine only whether there exists any evidence of substantial probative value in support of the claims of the nonmoving party. * * *. " *Lasley v. Nguyen*, 172 Ohio App.3d 741, 2007-Ohio-4086, 876 N.E.2d 1274, ¶ 16 (2d Dist.). "'When a motion for directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to jury.'" *Id.*, ¶ 17, quoting *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 430 N.E.2d 935 (1982). The motion "'raises a question of law because it examines the materiality of the evidence, as opposed to the conclusions to be drawn from the evidence.'" *Id.*

{¶ 13} The only issue before a trial court in an appeal from a staff hearing officer's order is the claimant's right to receive, or to continue to receive, workers' compensation benefits. *Afrates v. Lorain*, 63 Ohio St.3d 22, 584 N.E.2d 1175 (1992), at paragraph one of the syllabus; R.C. 4123.512(D). In addition to showing that the injury caused the disability, to establish a right to benefits the claimant must show that the injury arose out of and in the course of employment. *White Motor Corp. v. Moore*, 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976), at paragraph one of the syllabus (which in part requires the claimant to prove his employment status). The claimant must show that, at the time he was injured, he was an "employee," as that word is defined in the workers' compensation statute. See R.C. 4123.01(A)(1).

{¶ 14} "'The chief test in determining whether one is an employee or an independent contractor is the right to control the manner or means of performing the work.' *Bobik v. Indus. Comm.*, 146 Ohio St. 187, 64 N.E.2d 829 (1946), paragraph one of the

syllabus; see also *Foran v. Fisher Foods*, 17 Ohio St.3d 193, 194, 478 N.E.2d 998 (1985) (holding that 'one who exercises day-to-day control over the employee will be considered as the employer'). 'If such right is in the employer, the relationship is that of employer and employee; but if the manner or means of performing the work is left to one responsible to the employer for the result alone, an independent contractor relationship is created.' *Pusey v. Bator*, 94 Ohio St.3d 275, 279, 762 N.E.2d 968 (2002), citing *Bobik* at paragraph two of the syllabus." *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 33.

{¶ 15} In *Nese*, the Ohio Supreme Court reiterated its holding in *Gillum v. Indus. Comm.*, 141 Ohio St. 373, 382, 48 N.E.2d 234 (1943), wherein it stated as follows:

> The control of the work reserved in the employer which effects a master-servant relationship is control of the means and manner of performance of the work, as well as of the result; an independent contractor relationship exists where the person doing the work is subject to the will of the employer only as to the result, but not as to the means or manner of accomplishment. Thus, a person employed to perform certain work is not necessarily a mere servant because the contract provides that the work shall be subject to the approval or satisfaction of the employer. Such a provision is not an assumption by the employer of the right to control the person employed as to the details or method of doing the work, but is only a provision that the employer may see that the contract is carried out according to the plans.

{¶ 16} Clearly, in determining who has the right to control the work, we must look at the individual facts of each case. The factors to be considered include, but are not limited to, such indicia as who controls the details and quality of the work; who controls the hours worked; who selects the materials, tools, and personnel used; who selects the routes traveled; the length of employment; the type of business; the method of payment; and any pertinent agreements or contracts. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881 (1988).

{¶ 17} Initially, we note that when asked if he considered Top Flight to be his employer at the time of the accident, Ferrari unequivocally stated, " No." In fact, Ferrari testified throughout the trial that he believed he was an employee of Jamestown and not Top Flight. It is undisputed that Jamestown and Top Flight were two separate business entities.

{¶ 18} Standing alone, Ferrari's testimony regarding his belief that he was not employed by Top Flight is not dispositive of whether he was an independent contractor. However, we also note that on or about August 8, 2007, Ferrari signed an independent contractor agreement with Top Flight. The agreement stated as follows:

RE:     Independent Contractor Status

The undersigned hereby acknowledges that he/she is an independent contractor with Top Flight Driver Leasing, L.L.C., P.O. Box 2, Jamestown, OH, 45335. This means that he/she is not an employee (as defined by the IRS) and is responsible for his/her own Federal, State, Local taxes, Workers' Compensation, and Social Security deductions on the income he/she receives from the job he/she performs. The amount paid to him/her will be reported to him/her and the Internal Revenue Service on the Form 1099.

{¶ 19} Upon review, we conclude that the record is devoid of any evidence which establishes that Ferrari was an employee of Top Flight. All Top Flight did was issue Ferrari his payment for the miles he drove when picking up and transporting goods in the truck and trailer provided by Jamestown. Top Flight did not direct Ferrari where to go, provide him with jobs, nor did it in any way control the methods he used to complete his pickups and deliveries. Clearly, the facts in the instant case establish that Ferrari was not an employee of Top Flight, rather he was independent contractor.

{¶ 20} Significantly, Top Flight did not issue the payments directly to Ferrari. Rather, Top Flight issued the checks to AUSAM, the limited liability company created by Ferrari in order to take advantage of certain federal and state tax deductions, as well as avoid having to pay additional child support. Ferrari, in turn, received his personal income from his business, AUSAM, as indicated by his 2007 income taxes. The income earned from Ferrari's work at Jamestown and Top Flight was paid to his corporation, and through his corporation, to himself. Thus, Ferrari was not an "employee" of Jamestown nor Top Flight pursuant to R.C. 4123.01(A)(2).

{¶ 21} Finally, the 1099 tax form issued by Top Flight in 2007 was issued to "Gino Ferrari DBA AUSAM Enterprises, L.L.C.," with a tax identification number of 20-8772366. Ferrari also filed his 2007 federal income tax return stating his income from his employer, Ausam Enterprises. R.C. 4123.01(A)(2)(c) excludes from the definition of "employee" an individual who has incorporated himself or herself. Such individuals must notify the BWC in writing that they want to elect self-coverage in order to fall within the Ohio workers' compensation system. R.C. 4123.01(A)(2)(c). Ferrari testified that, although he

incorporated himself prior to the accident in 2007, he did not elect self-coverage pursuant to the workers' compensation statute. Therefore, as an incorporated independent contractor who did not properly elect self-coverage pursuant to R.C. 4123.01(A)(2)(c), Ferrari is not entitled to workers' compensation benefits in Ohio.

{¶ 22} In light of the foregoing, the trial court did not err when it sustained Top Flight and the BWC's motions for directed verdict made at the conclusion of Ferrari's case in chief pursuant to Civ. R. 50.

{¶ 23} Ferrari's sole assignment of error is overruled.

{¶ 24} Ferrari's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

Arthur C. Graves
John R. Smart
J. Andrew Root
Hon. Stephen A. Wolaver