OPINION
{¶ 1} This is an appeal from a summary judgment ruling of the Court of Common Pleas of Richland County.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant was employed by Pepsi-Cola Bottling Company of Mansfield (Pepsi) as a mechanic.
 {¶ 3} Appellee, Dove Vending (Dove) and Pepsi are divisions of Central Investment Corporation.
 {¶ 4} Dove has no mechanics and, as a result, Pepsi's mechanic's perform required vehicle repairs for it. Major repairs to Dove's vehicles are performed at Pepsi and minor repairs are performed on Dove's premises.
 {¶ 5} Appellant, an experienced mechanic, on June 14, 2002, was directed by Pepsi to replace a power steering belt on a step-van of Dove's.
 {¶ 6} The vehicle in question was equipped with a manual transmission.
 {¶ 7} At the time of acquisition by Appellee, such vehicle was equipped with an interlocking device which prevented ignition when the clutch was not depressed. This safety device had been removed however.
 {¶ 8} The usual procedure of changing the belt in question was not followed by Appellant but, instead, he intended to expedite the repair by laying under the truck and having a driver engage the starter so as to move the replacement belt around a pulley, thereby using the starter power to assist in the replacement.
 {¶ 9} The driver, Eric Porter, turned on the ignition causing the truck to roll over Appellant crushing his pelvis and causing other injuries resulting in substantial medical care.
 {¶ 10} The trial court, in considering Appellee's Civ.R. 56 Motion and the requirements thereunder, found that no dispute as to material facts was present and sustained such motion.
{¶ 11} The two Assignments of Error are:
 ASSIGNMENTS OF ERROR
{¶ 12} "I. Where the evidence, when construed most strongly in favor of a party, presents a reasonable inference that the plaintiff's injury was caused at least in part by the defendants' failure to use ordinary care, a jury question is presented and it is error for the trial court to grant summary judgment to the defendant.
{¶ 13} "II. Where the evidence shows that a defendant operated a truck with a safety device missing and that safety device would have prevented the plaintiff's injury, a jury question is presented and it is error for the trial court to grant summary judgment to the defendant."
 I., II.
{¶ 14} We shall address both assignments of error jointly.
{¶ 15} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ.R. 56(C) states, in pertinent part:
{¶ 16} Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
{¶ 17} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
{¶ 18} We fully agree with Judge DeWeese that an intentional tort is not present under the facts presented by the pleadings, depositions and affidavits and, in fact, such was conceded by Appellant in oral argument. Further, Appellant's affidavit in opposition to the Civ.R. 56 motion of Dove states that he was employed by Pepsi not by Dove.
{¶ 19} We normally would be troubled by Appellee's conclusion that no one at Pepsi or Dove was aware that the safety interlocking device had been removed as the deposition and affidavit of Darin Seiber clearly shows a lack of personal knowledge in this regard.
{¶ 20} If this were the basis of our decision in rejecting both assignments of error, we might conclude that a comparative negligence case was sufficiently presented to obviate a summary judgment decision as opposed to a jury determination. However, Dove had no mechanic's others than those supplied by Pepsi and no proof was provided by Appellant as to removal of such device.
{¶ 21} The statement by Appellant that "at the conclusion of discovery, that issue was resolved. Jeffrey was an independent contractor" is not supported by the facts before the court in its summary judgment ruling. There were no facts, either by affidavits or depositions establishing that appellant was an independent contractor.
{¶ 22} His affidavit that he was an employee of Pepsi and directed to replace the belt by Pepsi controverts this assertion. Also, he would not be receiving Workers' Compensation benefits through his employer if he were an independent contractor.
{¶ 23} The affidavit of William P. Martin II on behalf of Appellee's Civ.R. 56 motion states in part:
{¶ 24} "Affiant states that CIC is an Ohio corporation, licensed to do business in Ohio and Florida. Pepsi-Cola Bottling Company of Mansfield (hereinafter referred to as `Pepsi Mansfield') is an operating division of CIC in Mansfield, Ohio. In 1998, CIC purchased Dove Vending, Inc., of Mansfield, Ohio, a separate Ohio corporation. Pepsi Mansfield manufactures, sells and distributes soft drink products licensed by PepsiCo and others to customers in its exclusive territories. Dove Vending, Inc. is a full-line vending company that sells soft drinks, candy, snacks and other food products through vending machine. Pepsi Mansfield maintains Bureau of Workers' Compensation account number 28715. Dove Vending, Inc. maintains BWC account number 1087195. Pepsi Mansfield often loans employees to Dove Vending, Inc. to further their respective business interests.
{¶ 25} "In the course and scope of his employment with Pepsi Mansfield, Plaintiff had an accident on June 14, 2002, (hereinafter referred to as `Accident'). The Accident is the subject of the claim filed against Pepsi Mansfield with the BWC in workers' compensation claim number 02-377745. Under this claim, Plaintiff has received and continues to receive workers' compensation benefits and participates in Ohio's Workers' Compensation Fund * * * *
{¶ 26} "Affiant states that at the time of the accident and injury Plaintiff was an employee of Pepsi Mansfield loaned to Dove Vending, Inc., and covered by Pepsi Mansfield's workers' compensation program."
{¶ 27} Appellant's affidavit states in part:
{¶ 28} "On June 14, 2002, I was employed by the Pepsi Cola Bottling Company of Mansfield at 1820 Nussbaum Avenue in Mansfield. My working hours were 6:00 a.m. to 2:00 p.m. five days a week, plus several hours on Saturdays.
{¶ 29} * * * "Pepsi Cola Bottling company of Mansfield did all of the repairs and maintenance on the various Dove Vending Company step van delivery trucks. Minor servicing and inspection work was done by Pepsi employees at Dove's premises. Major repairs to Dove's trucks were done at the Pepsi garage.
{¶ 30} "Part of my daily duties at Pepsi included spending the first hour of each day at Dove Vending's premises on Longview Avenue in Mansfield. Pepsi had me inspect Dove Vending's delivery trucks, check fluid levels, lights, etc., make minor repairs as I determined they needed to be made and generally see that the trucks were ready to go on the road when the Dove drivers arrived.
{¶ 31} "When I worked on Dove trucks at Dove Vending's yard, I was under the direction of my supervisors at Pepsi. I used my own judgment on the minor repairs I did at Dove.
{¶ 32} * * * "From time to time, Pepsi Cola Bottling Company employees would instruct me to go to Dove to make a specific repair on a specific truck.
{¶ 33} "Toward the end of my shift on the day I was injured, someone at Pepsi told me to go to Dove to replace a power steering belt on one of Dove Vending's step vans."
{¶ 34} Had Appellant been a "loaned" employee as was presented and disputed at the Civ.R. 56 motion, (while not discussed in the appellate briefs), the protection as to negligent conduct would have protected Dove as it did as to Pepsi. Campbell v. Central Terminal Warehouse (1978),56 Ohio St.2d 173, Russell v. Interim Personnel, Inc. (1999),135 Ohio App. 301.
{¶ 35} The question as to being a loaned servant is not present also as he was directed by Pepsi to replace the belt and not by Dove nor controlled by Dove in his repair, and, as an experienced mechanic required no direction by Dove for such a repair. Halkias v. Wilkoff Co.
(1943), 141 Ohio St. 139.
{¶ 36} The issue then resolves itself into one of the existence of negligence on the part of Dove which would warrant reversal for a jury to make findings as to comparative negligence.
{¶ 37} To establish `actionable negligence' three essential elements must be shown, namely, a duty or obligation on the part of the person charged with such negligence to protect another from injury, a failure to discharge that duty, and an injury to such other proximately resulting from that failure. Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103.
{¶ 38} We find the material before the trial court on the summary judgment motion and that being considered by this court in the same manner lacks the necessities required to establish potential negligent responsibility of Dove.
{¶ 39} Nothing was offered as to Dove, lacking mechanics, having removed the interlock.
{¶ 40} Eric Porter, Dove's employee, in starting the ignition, was only following the direction of Appellant.
{¶ 41} In addition, of course, the method of removal of the belt by laying under the vehicle without the blocking of the wheels was chosen by Appellant.
{¶ 42} We conclude that the court correctly granted Appellee Dove Vending's Civ.R. 56 motion.
{¶ 43} We therefore overrule each of the two assignments of error and affirm this cause at Appellant's costs.
Boggins, P.J., Gwin, J., concurs Hoffman, concurs in part and dissents in part