[Cite as *Towers v. Ohio State Univ. Wexner Med. Ctr.*, 2019-Ohio-4324.]

| | |
|---|---|
| JULIA A. TOWERS<br><br>    Plaintiff<br><br>    v.<br><br>OHIO STATE UNIVERSITY WEXNER<br>MEDICAL CENTER<br><br>    Defendant | Case No. 2018-00040JD<br><br>Judge Patrick M. McGrath<br>Magistrate Robert Van Schoyck<br><br><u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |

{¶1} On July 30, 2019, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On August 13, 2019, plaintiff filed a response. On August 20, 2019, defendant filed a reply. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶4} There is no dispute that on January 27, 2016, plaintiff was injured while working as a nurse at defendant's hospital. Plaintiff brings this action seeking to

recover damages for her injuries. In its motion for summary judgment, defendant argues that plaintiff was employed at the time by a temporary staffing agency, but that defendant supervised her and controlled her work such that it was her employer for purposes of the Workers' Compensation Act, R.C. Chapter 4123. As such, defendant argues, it is immune from liability under R.C. 4123.74.

{¶5} "Generally, employers who either pay their workers' compensation premiums or are self-insuring are not 'liable to respond in damages at common law or by statute for any injury * * * received or contracted by any employee in the course of or arising out of his employment * * *.'" *Stinnett v. Holcore Group, Inc.*, 165 Ohio App.3d 464, 2006-Ohio-504, 847 N.E.2d 16, ¶ 12 (10th Dist.), quoting R.C. 4123.74. "[F]or purposes of workers' compensation immunity, an employee may have more than one employer." *Sellers v. Liebert Corp.*, 10th Dist. Franklin No. 05AP-1200, 2006-Ohio-4111, ¶ 7. "In *Daniels v. M[a]cGregor* (1965), 2 Ohio St.2d 89, 206 N.E.2d 554, the Supreme Court of Ohio reviewed basic elements of such dual employment * * *:

> 'Where an employer employs an employee with the understanding that the employee is to be paid only by the employer and at a certain hourly rate to work for a customer of the employer and where it is understood that that customer is to have the right to control the manner or means of performing the work, such employee in doing that work is an employee of the customer within the meaning of the Workmen's Compensation Act.* * *'"

*Wolf v. Big Lots Stores, Inc.*, 10th Dist. Franklin No. 07AP-511, 2008-Ohio-1837, ¶ 9; *see also Campbell v. Cent. Terminal Warehouse*, 56 Ohio St.2d 173, 383 N.E.2d 135 (1978).

{¶6} In support of its motion, defendant submitted an affidavit from Brianne Williams, an employee of AMN Healthcare, Inc. Williams avers, in part, that "AMN is a healthcare workforce manager that, among other things recruits and provides traveling and temporary nursing professionals for hospitals and other health care institutions

nationwide." Williams explains that defendant is a customer of AMN and she authenticates a copy of a contract, in effect on January 27, 2016, under which "AMN provides master supplier staffing services for specified temporary nursing and allied clinical positions * * *." Williams further explains that "[i]n order to fulfill the terms of its agreement with [defendant], AMN enters into Associate Vendor Agreements with other staffing agencies," and to that end she authenticates a copy of such an agreement with Trustaff Travel Nurses, LLC. The contract between AMN and defendant provides that, while AMN and its subcontractors, including Trustaff, are responsible for paying the wages of the nurses provided to defendant, the nurses "work on a temporary staffing basis under the direction of [defendant], and that [defendant] will control the details of the work * * *."

{¶7} Amy Hehman, Director of Human Resources for Trustaff Management, Inc., explains in an affidavit submitted by defendant that "Trustaff is a recruiting and staffing company that recruits travelling nurses and places them in hospitals and other health care institutions nationwide." Hehman avers that plaintiff became employed with Trustaff Travel Nurses, LLC in 2015 and was subsequently "placed by trustaff to work at The Ohio State University Wexner Medical Center in accordance with an Associate Vendor Agreement between Trustaff Travel Nurses, LLC and AMN Health, Inc."

{¶8} Defendant also submitted the transcript of plaintiff's deposition. Therein, plaintiff explained that through her employment with Trustaff as a traveling nurse, she contracts with Trustaff to work at a particular hospital for anywhere from 4 to 13 weeks at a time, and that she is paid for such work by Trustaff. (Depo., pp. 40-41.) Plaintiff described the role of traveling nurses, explaining that they may be placed at hospitals for various reasons, such as a staffing shortage, and she stated that she has worked under temporary placements in this manner at several hospitals in Ohio, Indiana, and Pennsylvania. (Id., pp. 41, 60.) Plaintiff testified that she made a workers' compensation claim through Trustaff and was awarded benefits for the injuries at issue

in this case. (Id., p. 43.) In addition to her work as a traveling nurse through her employment with Trustaff, plaintiff stated, she is also employed as a nurse with the University of Cincinnati Medical Center, where she works approximately once or twice a week. (Id., pp. 41-42.)

{¶9} Finally, defendant submitted an affidavit from Michael Sendelbach, Underwriting Supervisor for the Ohio Bureau of Workers' Compensation, who avers that defendant is a participating employer in the workers' compensation system and has continuously maintained its premium obligations since 1975.

{¶10} In responding to defendant's motion, plaintiff does not dispute the evidence establishing that she was at all times relevant an employee of Trustaff, nor that she made a claim for and obtained workers' compensation benefits through her employment with Trustaff. Plaintiff also does not dispute the evidence establishing that defendant had the right to control the manner or means by which she performed work for defendant, nor that defendant was a participating employer in the workers' compensation system. Plaintiff's opposition to the motion, rather, urges the court to adopt the reasoning set forth in the dissenting opinion in *Campbell*, supra. In *Campbell*, the Supreme Court of Ohio expressly declined to overrule the earlier-quoted language regarding dual employment and workers' compensation immunity from *Daniels* at syllabus. Plaintiff states that the dissent in *Campbell* "was concerned whether employers whose 'employees' were loaned by the true employer were paying the proper premiums into the [workers' compensation] fund", and she contends that the dissent's reasoning is especially persuasive in this case because she performed work for her employment agency's customer (i.e., defendant) for a longer time than had the injured worker in *Daniels*. (According to the syllabus, the worker in *Daniels* had been on the job one week; here, there is undisputed evidence plaintiff began working for defendant in November 2015 under an approximately three-month contract with Trustaff which she was serving out at the time of her injury on January 27, 2016.)

{¶11} The facts of this case, however, are on point with *Daniels* and the majority opinion in *Campbell*, which remain controlling authority.  There is no genuine issue of fact that defendant, as a customer of plaintiff's employment agency, controlled the manner or means by which plaintiff performed her work.  And, there is no genuine issue of fact that defendant was at all times in compliance with its workers' compensation premium obligations.  Accordingly, reasonable minds can only conclude that defendant is to be considered an employer of plaintiff for purposes of the workers' compensation system and is immune from liability under R.C. 4123.74.

{¶12} Based upon the foregoing, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.  As a result, defendant's motion for summary judgment is GRANTED and judgment is hereby rendered in favor of defendant.  All previously scheduled events are VACATED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

Filed September 25, 2019
Sent to S.C. Reporter 10/21/19